Nov. Term,
1839.

TURNER *v.* THE STATE, on the Relation of KELLY.

TURNER
*v.*
THE STATE.

Debt against a constable on his official bond. Breach, the taking of insufficient surety in a delivery-bond. The declaration described the *fi. fa.* in the case to have issued on a judgment for 57 dollars and 48 cents. The *fi. fa.* offered in evidence at the trial, recited the judgment on which it issued to be for 57 dollars and 43 cents. *Held*, that the variance was no objection to the *fi. fa.* as evidence.

The declaration in the above cause stated the delivery-bond to have been taken from the execution-debtor, "with one *Levi Baker* security thereon." A delivery-bond executed by the execution-debtor and said *Baker*, in which the latter was not designated expressly as surety of the former, was offered in evidence. *Held*, that the bond was not objectionable as evidence, on the ground of variance.

*Saturday,*
*December 21.*

ERROR to the *Cass* Circuit Court.

DEWEY, J.—Debt against a constable on his official bond. The declaration, after setting out the bond and condition, in assigning the breach of the latter, alleges that the relator, *Kelly*, had obtained a judgment before a justice of the peace against one *Mudge*, for the sum of 57 dollars and 48 cents with interest and costs; that a *fi. fa.* issued upon the judgment directed to the defendant below, a constable, commanding him to make the "debt and costs aforesaid," &c.; that the execution was delivered to the defendant; that he levied the same upon certain property, which he released, taking from *Mudge* a delivery-bond "with one *Levi Baker* security thereon;" that the bond was forfeited by the non-delivery of the property; and that *Baker* was inadequate security. All these allegations are put in issue by one of the pleas. The cause was tried by the Court by consent of parties. Judgment for the plaintiff.

On the trial, the plaintiff offered in evidence a *fi. fa.*, corresponding in all respects with that described in the declaration, except that it recited the judgment on which it issued to be for 57 dollars and 43 cents. The defendant objected to its admission, but the objection was overruled. The plaintiff also offered in evidence a delivery-bond executed by *Mudge* and *Baker*, in which the latter was not designated expressly as the security of the former. An objection to the admissibility of the bond was likewise overruled.

The plaintiff in error contends, that the Circuit Court erred in admitting the execution, and the bond, in evidence, on the ground of variance.

The objection urged against the *fi. fa.* is, that it varied from the judgment described in the declaration, five cents, in the amount recovered. This error in the execution was amendable by the judgment; it did not render the process void, but at most voidable upon the objection of a party to it. The erroneous writ was a sufficient warrant for the constable, who is not allowed to screen himself behind the error from the consequences of improper conduct, or neglect, while acting under its authority. Such process remains valid until avoided by a party to it. The variance was immaterial so far as the officer was concerned. *Bissell* v. *Kip*, 5 Johns. 89, and authorities there cited.

There is no force in the objection to the bond as evidence. The statement in the declaration, that the defendant took a delivery-bond from *Mudge* with *Baker* "security thereon," is not descriptive of the instrument. It is an averment of the relation in which *Baker* stood to the transaction, and alleges a distinct matter of fact proveable by parol.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*H. Chase*, for the plaintiff.

*C. Fletcher* and *O. Butler*, for the defendant.